CAMPBELL & WILLIAMS
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
SAMUEL R. MIRKOVICH (11662)
srm@cwlawlv.com
ARIANA N. REED (15310)
anr@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendant
LNW Gaming, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RES EXHIBIT SERVICES, LLC, a New York limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., a Nevada corporation,<br><br>Defendant, | CASE NO.: 2:21-cv-01953-APG-EJY<br><br>**STIPULATION AND [PROPOSED] ORDER TO (i) PARTIALLY STAY PROCEEDINGS, (ii) VACATE EXISTING DISCOVERY DEADLINES, AND (iii) SET BRIEFING SCHEDULE**<br><br>**(FIRST REQUEST)** |

Plaintiff RES Exhibit Services, LLC ("RES") and Defendant LNW Gaming, Inc. f/k/a SG Gaming, Inc. f/k/a Bally Gaming, Inc. ("LNW Gaming") (collectively, the "Parties"), by and through their undersigned counsel of record, hereby request and stipulate to the entry of an order to (i) partially stay proceedings, (ii) vacate existing discovery deadlines, and (iii) set briefing schedule.

1.  The current discovery deadline in this matter is June 23, 2023, and the dispositive motion deadline is August 8, 2023. (ECF No. 30).

2.  With respect to the claims and defenses related to RES's complaint, RES has served its initial disclosures and two (2) supplements thereto (each discussed below). LNW Gaming has

1

served its initial disclosures and six (6) supplements thereto. The Parties have also propounded and responded to written discovery requests, and LNW Gaming has served subpoenas duces tecum on certain third-party witnesses. The Parties have also conducted nine depositions, and LNW has served subpoenas for the depositions of five third-party witnesses.

3. On September 2, 2022, RES produced approximately 800 gigabytes of unprocessed ESI data on two hard drives to LNW Gaming. After the parties engaged in meet-and-confer efforts concerning the hard drive production, RES served a supplemental production of approximately 57,000 new documents on May 5, 2023.

4. After receiving RES's supplemental production, LNW Gaming vacated the depositions of five third-party witnesses that were scheduled to take place in May 2023, including the depositions of Jeri Wiedemer ("Wiedemer") and Robert Reyes ("Reyes"). LNW Gaming further notified the respective counsel for RES, Wiedemer and Reyes that LNW Gaming intended to seek leave to amend to file counterclaims and third-party claims against them. Separately, LNW Gaming notified RES of its intent to move for sanctions under the Court's inherent powers.

5. On May 15, 2023, RES served another supplemental production of approximately 12,000 documents and privilege log. After discovering the presence of potentially privileged communications in the supplemental production, LNW Gaming initiated the clawback procedures under the ESI Protocol and destroyed the production at RES's direction. RES's review team is in the process of re-reviewing this supplemental production and intends to make a supplemental production with a revised privilege log.

6. On May 16, 2023, LNW Gaming requested a meet-and-confer related to RES's (i) confidentiality designations of documents and deposition testimony, (ii) privilege log, and (iii) production of text messages.

7. On May 23, 2023, LNW Gaming filed its Motion for Leave to File Counterclaim and Third-Party Complaint, Add New Parties, and Modify the Discovery Deadlines ("Motion for Leave to Amend"). (ECF No. 32). RES intends to oppose the Motion for Leave to Amend.

8. On May 25, 2023, the Parties conducted a meet-and-confer on the above-mentioned issues related to RES's document production as well as RES's intention to file a motion to compel certain documents from LNW Gaming based on an alleged at-issue waiver of the attorney-client privilege and/or attorney work-product doctrine.

9. The Parties also agreed to vacate the existing discovery deadlines and stipulate to a partial stay of discovery pending the resolution of LNW Gaming's Motion for Leave to Amend as well as its forthcoming motion for sanctions ("Motion for Sanctions"). Specifically, the Parties agreed that it is not feasible to conduct additional depositions in this matter until the scope of the case and discovery is addressed by the Court in connection with LNW Gaming's motions. The Parties also agreed that Wiedemer and Reyes should not be required to appear for their depositions until the Court determines whether they will be third-party defendants in this action. Additionally, LNW Gaming intends to seek relief in its Motion for Sanctions that would affect the scope of the case and the remaining discovery that needs to be completed by the Parties. Regardless, the Parties acknowledged that LNW Gaming cannot complete additional depositions prior to the discovery deadline until RES completes its document production and the issues raised in the Parties' meet-and-confer discussion are resolved. Thus, the Parties agreed that entering into this Stipulation constituted the most efficient and judicially economical way to address these issues. *See Treasure Island, LLC v. Affiliated FM Ins. Co.*, 2022 WL 1084731, at *1 (D. Nev. Mar. 23, 2022) ("It is well established that district courts have the inherent power to control their dockets and manage their affairs; that includes the power [ ] to streamline motion practice and promote judicial efficiency, and to stay proceedings pending the resolution of other relevant matters.").

10. With respect to the scope of the partial stay, the Parties agreed that continued activity related to their respective document productions would be appropriate. To that end, the Parties agreed to carve out from the stay any pending issues related to the Parties' document productions, including (i) RES's ongoing production of documents and privilege log, (ii) RES's production of text messages, (iii) RES's confidentiality designations, and (iv) RES's challenge to LNW Gaming's claim of privilege over certain materials which will be filed after the Motion for Leave to Amend is decided. The Parties, however, will not serve new written discovery during the pendency of the partial stay.

11. The Parties further agreed to the following briefing schedule on LNW Gaming's Motion for Leave to Amend:

| BRIEF | DUE DATE |
| --- | --- |
| Motion for Leave to Amend | N/A |
| Opposition | June 19, 2023 |
| Reply | June 30, 2023 |

12. Lastly, the Parties agreed to the following briefing schedule on LNW Gaming's forthcoming Motion for Sanctions:

| BRIEF | DUE DATE |
| --- | --- |
| Motion for Sanctions | June 19, 2023 |
| Opposition | July 17, 2023 |
| Reply | July 31, 2023 |

. . . . .

. . . . .

. . . . .

. . . . .

4

IT IS SO STIPULATED.

| | |
|---|---|
| Dated this 1st day of June, 2023. | Dated this 1st day of June, 2023. |
| CAMPBELL & WILLIAMS | RICE REUTHER SULLIVAN & CARROLL, LLP |
| By: /s/ *Philip R. Erwin* <br> PHILIP R. ERWIN, ESQ. (11563) <br> SAMUEL R. MIRKOVICH (11662) <br> ARIANA N. REED (15310) <br> 710 South Seventh Street, Suite A <br> Las Vegas, Nevada 89101 | By: /s/ *Chad W. Flansburg* <br> DAVID A. CARROLL, ESQ. (7643) <br> ANTHONY J. DIRAIMONDO, ESQ. (10875) <br> ROBERT E. OPDYKE, ESQ. (12841) <br> 3800 Howard Hughes Parkway, Suite 1200 <br> Las Vegas, Nevada 89169 |
| *Attorneys for LNW Gaming, Inc.* | -and- <br><br> CHAD W. FLANSBURG, ESQ. <br> *(Pro Hac Vice)* <br> PHILLIPS LYTLE LLP <br> 28 East Main Street, Suite 1400 <br> Rochester, New York 14614-1935 <br><br> *Attorneys for RES Exhibit Services, LLC.* |

5

## ORDER

1. IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the existing discovery deadlines including the discovery cut-off, dispositive motion deadline, and pretrial memorandum deadline are hereby vacated. The discovery schedule will be addressed and reinstated in connection with the Court's resolution of LNW Gaming's Motion for Leave to Amend (ECF No. 32) and forthcoming Motion for Sanctions.

2. IT IS FURTHER ORDERED that this case shall be partially stayed until the Court's resolution of LNW Gaming's Motion for Leave to Amend (ECF No. 32) and forthcoming Motion for Sanctions. The Parties shall not serve new written discovery or conduct additional depositions during the pendency of the partial stay. The Parties may, however, continue to resolve any pending issues related to the Parties' document productions, including (i) RES's ongoing production of documents and privilege log, (ii) RES's production of text messages, (iii) RES's confidentiality designations, and (iv) RES's challenge to LNW Gaming's claim of privilege over certain materials.

3. IT IS FURTHER ORDERED that the Parties shall comply with the following briefing schedule on LNW Gaming's Motion for Leave to Amend:

### MOTION FOR LEAVE TO AMEND

| BRIEF | DUE DATE |
| --- | --- |
| Motion for Leave to Amend | N/A |
| Opposition | June 19, 2023 |
| Reply | June 30, 2023 |

. . . . .

. . . . .

. . . . .

. . . . .

4. IT IS FURTHER ORDERED that the Parties shall comply with the following briefing schedule on LNW Gaming's forthcoming Motion for Sanctions:

**MOTION FOR SANCTIONS**

| BRIEF | DUE DATE |
| --- | --- |
| Motion for Sanctions | June 19, 2023 |
| Opposition | July 17, 2023 |
| Reply | July 31, 2023 |

**IT IS SO ORDERED.**

_____
U.S. MAGISTRATE JUDGE

DATED: June 1, 2023

7