UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RES EXHIBIT SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC.,<br><br>Defendant. | Case No. 2:21-cv-01953-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Seal Exhibits E, F, H, and J attached to the Declaration of Philip R. Erwin in Support of its Motion for Leave to File Counterclaim and Third-Party Complaint, Add New Parties, and Modify the Discovery Deadlines. ECF Nos. 32-6, 32-7, 32-9, 32-11, 33. Defendant also requests leave to redact Exhibit A filed at ECF No. 32-2. Defendant says these Exhibits are properly sealed and redacted to shield information relating to the parties' proprietary business and financial activities. ECF No. 33 at 2.

As the party seeking to seal a judicial record, Defendant must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Id*., 417 F.3d at 1179 (citation omitted). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598

(1978).  Specifically, regarding information touching on business agreements, proprietary information, and internal policies and procedures, a reviewing court may grant the motion to seal if there are compelling reasons sufficient to outweigh the public's interest in disclosure of the information.  *Callahan v. PlusFour, Inc.*, Case No. 2:17-CV-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79.

The Court finds the documents contained in Exhibit F are properly sealed.  The documents contain confidential and proprietary business information, the disclosure of which may lead to misuse and harm to the parties.

However, the Court does not find it appropriate to seal Exhibits E, H, and J at this time, nor to grant leave for Defendant to redact its proposed Counterclaim and Third-Party Complaint (Exhibit A).  The Court will temporarily maintain these Exhibits under seal while the parties meet and confer regarding whether the documents remain sealed and submit further briefing to the Court.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Seal (ECF No. 33) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Exhibit F to the Declaration of Philip R. Erwin in Support of its Motion for Leave to File Counterclaim and Third-Party Complaint, Add New Parties, and Modify the Discovery Deadlines, ECF No. 34-3, is and shall remain sealed.

IT IS FURTHER ORDERED that the parties must, no later than **June 15, 2023**, meet and confer regarding sealing Exhibits E, H, and J and redacting Exhibit A.

IT IS FURTHER ORDERED that the parties must, no later than **June 20, 2023**, file a single joint status report that (1) identifies each Exhibit the parties agree should be sealed, (2) identifies each Exhibit the parties agree does not need to be sealed, and (3) states their respective position for any Exhibit to which agreement cannot be reached.

DATED this 8th day of June, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE