UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RES EXHIBIT SERVICES, LLC, | Case No. 2:21-cv-01953-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Seal Exhibits E and W to the Declaration of Philip R. Erwin in Support of Defendant's Motion for Sanctions and to Redact Exhibits D, G, I, K, V, and X–Y. ECF No. 43. Defendant says the Exhibits are properly sealed and redacted to shield the parties' proprietary business information, financial activities, and contractual arrangements. *Id.* at 4.

As the party seeking to seal a judicial record, Defendant must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Id.*, 417 F.3d at 1179 (citation omitted). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Specifically, regarding information touching on business agreements, proprietary

1

information, and internal policies and procedures, a reviewing court may grant the motion to seal if there are compelling reasons sufficient to outweigh the public's interest in disclosure of the information. *Callahan v. PlusFour, Inc.*, Case No. 2:17-CV-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79.

The Court reviewed the Motion to Seal as well as the Exhibits sought to be entirely sealed or redacted. The Court grants Defendant's Motion as the material contains proprietary business and financial information and contents of contractual agreements and negotiations between the parties.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Seal Exhibits E and W to the Declaration of Philip R. Erwin in Support of Defendant's Motion for Sanctions and to Redact Exhibits D, G, I, K, V, and X–Y (ECF No. 43) is GRANTED.

IT IS FURTHER ORDERED that Exhibits E and W to the Declaration of Philip R. Erwin (ECF Nos. 42-6, 42-24) are and shall remain sealed. The unredacted versions of Defendant's Exhibits to its Motion for Sanctions at ECF No. 44 are and shall remain sealed.

DATED this 21st day of June, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE