UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RES EXHIBIT SERVICES, LLC, | Case No. 2:21-cv-01953-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Seal and Redact its Opposition to Defendant's Motion for Sanctions. ECF No. 50. Plaintiff seeks to keep sealed its unredacted Opposition, the Declaration of James V. Leonardo, and Exhibits J and K to the Declaration of Chad W. Flansburg. *Id.* at 1-2. Plaintiff says the material is properly sealed and redacted to shield the parties' non-public business and financial information. *Id.* at 3-4.

As the party seeking to seal a judicial record, Plaintiff must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Id.*, 417 F.3d at 1179 (citation omitted). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Specifically, regarding information touching on business agreements, proprietary

1

information, and internal policies and procedures, a reviewing court may grant the motion to seal if there are compelling reasons sufficient to outweigh the public's interest in disclosure of the information. *Callahan v. PlusFour, Inc.*, Case No. 2:17-CV-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79.

The Court reviewed the Motion to Seal as well as the materials sought to be sealed or redacted. The Court grants Plaintiff's Motion as the material contains proprietary business and financial information and contents of contractual agreements and negotiations between the parties.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Seal and Redact its Opposition to Defendant's Motion for Sanctions (ECF No. 50) is GRANTED.

IT IS FURTHER ORDERED that Exhibits J and K to the Declaration of Chad W. Flansburg (ECF Nos. 48-11, 48-12) are and shall remain sealed. The unredacted versions of Plaintiff's Opposition and the Declaration of James V. Leonardo and Exhibits J and K to the Declaration of Chad W. Flansburg at ECF No. 49 are and shall remain sealed.

DATED this 18th day of July, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE