UNITED STATES DISTRICT COURT

ISTRICT OF NEVADA

* * *

| | |
|---|---|
| RES EXHIBIT SERVICES, LLC, | Case No. 2:21-cv-01953-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., | |
| Defendant. | |

Pending before the Court is LNW Gaming, Inc.'s Motion for Leave to File Counterclaim and Third- Party Complaint, Add New Parties, and Modify the Discovery Deadlines. ECF Nos. 32 (unsealed) and 34 (sealed). The Court reviewed the Motion, Response, and Reply. ECF Nos. 39, 40, 47.

Federal Rule of Civil Procedure 13 governs counterclaims and crossclaims. Rule 13(a) discusses compulsory counterclaims, while Rule 13(b) addresses permissive counterclaims. Both of these Rules apply to counterclaims asserted against "an opposing party." Here, LNW Gaming, Inc. the sole defendant, brings counterclaims against RES Exhibit Services, the sole plaintiff, but adds to its definition of "Counterdefendants" James Leonardo, Jeri Wiedemer, and Robert Reyes. ECF No. 34-1 at 3. LNW refers to itself as a counterclaimant *and* third-party plaintiff, but sues all Counterdefendants collectively in the first two cause of action. *Id*. ¶¶ 7, 13, 69-70, 78-79. There is no separately captioned or titled third-party claim. *See id*., generally. The remaining counterclaims are divided between and among the various Counterdefendants.

Rule 13(h), titled "Joining Additional Parties," is the Rule of Civil Procedure applied to newly identified counterclaim defendants. Rule 13(h) states: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." As stated by the U.S. District Court for the District of Hawaii: "The plain reading of the rule shows that the proper use of Rule 13(h) is to bring a counterclaim against a party and then add a non-party to the same claim." *Casados v. Drury*, Case No. 13-00283 LEK-RLP, 2014 WL 2968179, at *2 (D. Haw. June 30, 2014).

Fed. R. Civ. P. 14(a) allows a defending party to bring in as a third-party defendant a person not a party to the action who is or may be liable to him/her/it for all or part of the plaintiff's claim against the defendant.  It is not clear if LNW intends to raise third-party claims or if what LNW really seeks is to add parties to its counterclaims.  A third-party claim may be asserted only when the third-party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto.  *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir.1983), *cert. denied*, 464 U.S. 1071 (1984).

LNW's Motion does not address Rules 13(a), (b), (h), or 14 of the Federal Rules of Civil Procedure.  The response to the Motion is likewise silent with respect to these Rules.  These Rules are clearly applicable to the issues presented.  In an effort to ensure that the parties are not in fundamental disagreement with the Court, as the Court will spend considerable time on the analysis, the Court enters the following Order.

IT IS HEREBY ORDERED that LNW Gaming, Inc. and RES Exhibit Services are each to file, no later than **5 p.m. on August 31, 2023**, a supplement to their respective instant pending Motion and Opposition, such supplement to be **no more than seven pages long** (excluding the caption page and service page) addressing:

- whether alleged "third-party" defendants are actually additional parties to the counterclaims;
- whether the filing party disagrees with the Court's planned analytical approach to the pending Motion for Leave to File Counterclaim and Third-Party Complaint under Rules 13(a), (b), (h), and, potentially, 14 of the Federal Rules of Civil Procedure; and
- either an explanation of the basis for the disagreement with the Court's planned approach, or a discussion of how the application of these Rules support the party's respective positions.

IT IS SO ORDERED this 23rd day of August, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE