UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| RES EXHIBIT SERVICES, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., a Nevada corporation,<br><br>Defendant. | Case No. 2:21-cv-01953-APG-EJY<br><br><br>**ORDER** |
|---|---|
| LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., a Nevada corporation,<br><br>Counterclaimant,<br><br>v.<br><br>RES EXHIBIT SERVICES, LLC; a New York limited liability company; JAMES LEONARDO, an individual; JERI WIEDEMER, an individual; and ROBERT REYES, an individual,<br><br>Counterdefendants. | |

Pending before the Court is Defendant's Motion to Seal. ECF No. [181], in which Defendant seeks leave to file its Motion to Supplement (ECF No. [179]), as well as the attached deposition transcript, under seal. The Court has reviewed the underlying Motion and the Motion to Seal and finds as follows.

**I.     Discussion**

Defendant represents that "although LNW disagrees" that the entirety of the transcript is confidential, because Counterdefendants have designated it as such in it under the Stipulated Protective Order, Defendant nonetheless seeks to file the exhibit under seal "for a reasonable amount of time so Counterdefendants have the opportunity to assert appropriate confidentiality designations." ECF No. [181] at 3.

1

This issue should have been addressed before the Motion was filed. It is not proper to ask the Court to provisionally seal a document based on an as-of-yet unspecified argument that an opposing party may eventually assert. Rather, it is the moving party that bears the burden of overcoming the presumption in favor of public access and disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Further, the marking of a document as confidential or does not, without more, justify filing the document under seal. *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) (*citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003)).

The parties must meet and confer regarding the sealing of information in Defendant's exhibit. Once an agreement is reached, Defendant must refile its Motion to Supplement and attached exhibit, with only those portions that are properly sealed filed provisionally under seal, along with a motion or stipulation including sufficient reasons establishing good cause to seal. The remainder of the documents must be filed unredacted on the public docket. If agreement cannot be reached, Defendant should work with opposing counsel to submit a single memorandum explaining the supposed basis for sealing the information at issue.

Further, because the Court finds reading an entire four-hour deposition transcript unlikely to be a wise use of judicial resources, Defendant is advised to consider filing only those portions that support its argument that the Motion for Additional Time should be granted.

## II.    Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Seal (ECF No. [181]) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to strike ECF Nos. [179] and [180] from the docket.

IT IS FURTHER ORDERED that the parties must meet and confer regarding which portions of the Motion to Supplement (ECF No. [179]) and attached deposition transcript are properly filed under seal. If an agreement is reached, Defendants must refile the documents, with only the agreed upon portions of the documents filed provisionally under seal, along with a stipulation to seal. If

agreement cannot be reached, the parties must file a Memorandum with the Court in which Counterdefendants explain why sealing is justified.

DATED this 16th day of May, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE