UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RES EXHIBIT SERVICES, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., a Nevada corporation,<br><br>Defendant. | Case No. 2:21-cv-01953-APG-EJY<br><br><br>**ORDER** |
| LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., a Nevada corporation,<br><br>Counterclaimant,<br><br>v.<br><br>RES EXHIBIT SERVICES, LLC; a New York limited liability company; JAMES LEONARDO, an individual; JERI WIEDEMER, an individual; and ROBERT REYES, an individual,<br><br>Counterdefendants. | |

Pending before the Court are Defendant LNW Gaming, Inc.'s Motion for Additional Time to Depose Counterdefendant James Leonardo[1] and Motion for Leave to Supplement Motion for Additional Time.[2] ECF Nos. 162, 183. The Court considered the Motions, Oppositions (ECF Nos. 168, 184), and Replies (ECF No. 173, 186).

**I.   Discussion**

For reasons the Court does not understand, LNW did not file its Motion for Additional Time (ECF No. 162) on an emergency basis or order shortening time. The Motion, filed on April 11,

---

[1]   The Motion for Additional Time to Depose Counterdefendant James Leonardo is referred to herein as the "Motion" or "Motion for Additional Time."

[2]   The Motion for Leave to Supplement Motion for Additional Time is referred to herein as the "Supplement" or "Motion to Supplement."

1

2025, was not fully briefed until April 30, 2025. *See* ECF Nos. 168, 173. It is not until the last page of LNW's Motion for Additional Time that it mentions Mr. Leonardo's deposition is set for May 13, 2025, less than two weeks after the Motion was ripe.

The notion, as suggested by LNW in its Supplement, that the Court would have decided a motion, filed without indication of an emergent problem, within two weeks of submission is misplaced. The Court regularly addresses issues such as disagreement over the date or content of upcoming depositions on an emergent basis or shortened time. However, it is the parties' obligation to alert the Court to the need for quick intervention. Otherwise, with well in excess of 100 matters often waiting for the Court's attention, a motion fully briefed at the end of one month will not be addressed within the first two weeks of the next month.

Remarkably, and despite the ability to seek emergency assistance or an order on shortened time, LNW proceeded with the second day of Mr. Leonardo's deposition on May 13, 2025. And, because the Court's September 2023 Order limited that deposition to four hours, that is exactly how long the deposition lasted.[3] Counsel for RES Exhibit Services, LLC ("RES"), Mr. Leonardo, and Mr. Reyes[4] refused to compromise on extended time.

In its Motion to Supplement, LNW presents argument in an attempt to support that it did its best to cover all issues within the four hour time frame granted by the Court in September 2023. ECF No. 183 at 2-3. Even assuming, without deciding, that this is true, LNW appears to seek a third day of deposition lasting the three additional hours it originally sought to complete Mr. Leonardo's deposition. Citing only cases from federal districts other than the District of Nevada, LNW says it did not seek assistance from this Court because out of district decisions suggest it would have been premature to do so.[5]

The RES Parties oppose LNW's Motion for Additional Time returning repeatedly to the argument that the Court set the conditions for Mr. Leonardo's second day of deposition in September

---

[3] LNW first took Mr. Leonardo's deposition in July 2022. Subsequently, LNW received tens of thousands of pages of discovery from RES none of which were available at the time of Mr. Leonardo's original deposition and some of which were unavailable at the time the Court issued its September 2023 Order granting LNW four additional hours to depose Mr. Leonardo. ECF Nos. 60, 162.

[4] Collectively, RES, Mr. Leonardo, and Mr. Reyes are referred to as the "RES Parties."

[5] A search in the District of Nevada would have yielded orders demonstrating the undersigned regularly addresses motions pertaining to upcoming depositions on emergent bases.

2

2023. ECF No. 168. The RES Parties contend LNW presents nothing new and, therefore, the Court should not (and perhaps cannot) increase the number of hours permitted for that deposition. The RES Parties oppose the Motion to Supplement arguing LNW does not demonstrate good cause for supplementation, and the Court does not need the information in the Supplement to decide the Motion for Additional Time. The Opposition to the Motion to Supplement also spends far too much time focused on a 30 minute period during which LNW questioned Mr. Leonardo on billing practices.

Whether LNW should have been granted a total seven rather than four hours to depose Mr. Leonardo for a second time is now moot. What LNW now actually seeks is permission to conduct three more hours of deposition with Mr. Leonardo on a third day. Neither party addresses this issue. To this end, the Court notes that although it thoroughly reviewed the circumstances as they appeared in September 2023, that Order was almost two years ago. There is no doubt that court "authority to rescind an interlocutory order over which it has jurisdiction is an inherent power rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

Likewise, the standard in *Couch v. Wan*, Case No. CVF 08-1621, 2012 WL 4433470 (E.D. Cal. Sept. 24, 2012), on which the RES Parties rely, reflects a review of factors found in Fed. R. Civ. P. 26(b)(2)(C) that the Court will consider when determining whether there is good cause for a third day of deposition not just whether seven rather than four hours of deposition is appropriate. Separately, the Court cannot help but wonder whether the issues LNW sought to inquire into, but did not have time to cover with Mr. Leonardo individually, can be covered in a Fed. R. Civ. P. 30(b)(6) deposition.

The Court has very broad authority to manage discovery, which it has been called upon to do on numerous occasions in this case. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."). *See also* ECF Nos. 18, 24, 27, 30, 36, 60, 83, 105, 127, 137, 141, 142, 148, 153, 156, 159, and 161. Here, that discretion calls for denying the pending motions as moot and requiring briefing on whether LNW should be

allowed to depose Mr. Leonardo on an individual basis for three hours on a third day and/or if the subject matters left to be inquired into can be addressed through a Fed. R. Civ. P. 30(b)(6) deposition.

II.      **Order**

Accordingly, IT IS HEREBY ORDERED that Defendant LNW Gaming, Inc.'s Motion for Additional Time to Depose Counterdefendant James Leonardo (ECF No. 162) is DENIED as moot.

IT IS FURTHER ORDERED that LNW's Motion for Leave to Supplement Motion for Additional Time (ECF No. 183) is DENIED as moot.

IT IS FURTHER ORDERED that the parties' **must** brief the following issues: (1) whether the deposition of Mr. Leonardo may continue such that it will be conducted and concluded on a third day; (2) whether that third day of deposition should be limited to three hours; and (3) why the subject matters that were not inquired into on the second day of Mr. Leonardo's deposition cannot be covered through a Fed. R. Civ. P. 30(b)(6) deposition.

IT IS FURTHER ORDERED that LNW and the RES Parties are each limited to five (5) pages (not including the caption or service page) of briefing. The briefs are due, and **must be simultaneously filed**, no later than **July 30, 2025** at **12 noon**. No responsive briefing may be filed.

IT IS FURTHER ORDERED that the parties must appear by Zoom on **August 15, 2025 at 10:00 a.m.** at which time this matter will be considered and resolved. The parties must contact Jeff Miller, Courtroom Deputy for the undersigned Magistrate Judge, by **12:00 p.m. on August 13, 2025**, at Jeff_Miller@nvd.uscourts.gov, and provide the email address for their respective participants. Mr. Miller will email participants with the Zoom link.

IT IS FURTHER ORDERED that persons granted with remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary to the Court.

DATED this 22nd day of July, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE