UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RES EXHIBIT SERVICES, LLC, a New York limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., a Nevada corporation,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-01953-APG-EJY<br><br>**ORDER** |
| LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., a Nevada corporation,<br><br>　　　　　　Counterclaimant,<br><br>　　v.<br><br>RES EXHIBIT SERVICES, LLC; a New York limited liability company; JAMES LEONARDO, an individual; JERI WIEDEMER, an individual; and ROBERT REYES, an individual,<br><br>　　　　　　Counterdefendants. | |

I.　　**Relevant Background**

Pending before the Court is the Joint Submission of Competing Proposals (ECF No. 196). In the submission, RES Exhibit Services, LLC, James Leonardo, and Robert Reyes (collectively "RES") contend certain discovery should not proceed until the Special Master concludes his review of documents currently claimed to be non-discoverable by LNW Gaming, Inc. ("LNW")[1] and all appeals related to the Special Master's determinations are finalized. Thus, it appears RES proposes a "sequencing" of discovery that would allow some discovery to proceed[2] while deferring the

---

[1]　　LNW's objections to disclosure are based on assertions of the attorney-client privilege and/or the work product doctrine.

[2]　　What discovery should proceed is not made clear by RES and the Court could not discern this from the information provided.

1

depositions of fact witnesses (that may include only LNW Rule 30(b)(6) designees and expert Sarah MacDonald) until the Special Master's review finally concludes. *Id*. at 7.[3] The Court notes that LNW states its expert did not review any documents marked as attorney-client privilege or work product; yet, RES contends even if this is true the expert's deposition should be deferred because what may be disclosed could "materially shape how her assumptions and analyses are tested." *Id*. at 4. According to RES, only after the appeals process is exhausted, will the parties meet and confer to set depositions and complete discovery.

LNW responds that of the 72 documents identified on the privilege log as privileged or protected by work product, only 35 are documents RES has not received in the past. *Id*. at 9. According to LNW, non-privileged documents attached to emails were produced to RES in April 2022, as were "several drafts of Ms. Wiedemer's Employee Disciplinary Action Form ("EDAF") … along with Ms. Wiedemer's 'rebuttal' thereto." *Id*. Of the 35 documents RES has not seen, these are described as "documents largely consist[ing] … of drafts and the final version of the Investigative Summary Report and attorney-client and fact-finding communications related to the internal investigation." *Id*. LNW says RES has not demonstrated good cause for an extension of discovery, and its expert did not opine on liability, the internal investigation of Ms. Wiedemer or RES misconduct. *Id*. at 13. Currently scheduled depositions include those of Mr. Leonardo, Bob Talladay (RES' Director of Finance), RES' 30(b)(6) designees, and Kelcey Allison (a third party witness). *Id*. at 15.

Ms. Wiedemer brings to the Court challenging news regarding a serious medical diagnosis that will involve a great deal of treatment, potential surgery, and a good deal of recovery that may last approximately a year. *Id*. at 17. Ms. Wiedemer seeks to extend the date for taking any depositions to three months after all appeals of the Special Master's review are exhausted and documents are produced.

---

[3] The Court is unsure if RES is also contending that depositions of "percipient witness" are to be deferred or if there is a desire to seek to take a second deposition of anyone previously deposed. *Id*. at 3.

## II. Discussion

As the parties know, the Court is familiar with the history of this case and its underlying facts. Discovery was delayed at first based on RES' failure to produce substantial documents and then due to events involving Mr. Leonardo leading to assertions of the Fifth Amendment privilege. The concluding deposition of Mr. Leonardo, and the depositions of Mr. Talladay, RES' 30(b)(6) designees, and Ms. Allison have been set for some time. Ms. Wiedemer has had the opportunity to discuss these depositions with her counsel and assist with preparation, as needed, before her medical treatment might interfere.

The Court finds no reason why these depositions cannot proceed as scheduled. LNW should not raise issues related to the contents of claimed attorney-client communications or work-product and, if it does, the privilege and protections afforded to work-product will dissipate. Moreover, Mr. Leonard, Mr. Talladay, and Ms. Allison are not privy to the content of the withheld documents; hence, their knowledge and conduct could not have been impacted by what is contained therein. LNW's deposition of Mr. Leonardo is limited to the subject matter of exhibits previously identified and in RES' possession. While the Court is not informed of the exact nature of what is sought from Mr. Talladay or Ms. Allison, there is nothing to suggest that the documents listed on the privilege log at ECF No. 193-1 will adversely affect RES or Ms. Wiedemer's ability to defend themselves during these depositions. If something arises to the contrary, the parties are to call the Court during the deposition so that the issue can be promptly addressed. Finally, arrangements must be made for Ms. Wiedemer to attend each deposition remotely so that she may listen to all testimony and communicate through private means with her counsel to advise of any issues she believes must be addressed.

The Court has prepared and filed an Order appointing Judge Hoffman (Ret.) as Special Master (the "Appointment Order"). The number of documents to be reviewed is small and the Court is hopeful that Judge Hoffman will be able to conduct his review relatively promptly. Nonetheless, upon appointment, the parties must confer with Judge Hoffman and determine the anticipated time frame within which he expects to complete his review of documents following receipt. If Judge Hoffman cannot complete his review within approximately thirty (30) days of receipt of the

documents, counsel must notify the Court of the same and the timeframe within which completion of review is anticipated. The Court will then consider whether any additional depositions will proceed.

If Judge Hoffman is able to complete his review within thirty days of receipt of the documents, and if objections are raised to Judge Hoffman's final report (as will be explained in greater detail in the Appointment Order), the Court will consider those objections and whether additional depositions will proceed.

The Court will continue to consider Ms. Wiedemer's challenges together with the potential harm to LNW arising from delays.

Finally, while the Court has concerns regarding RES' ability to demonstrate "good cause" as it relates to delay of the depositions that are not yet set, the Court also considers that if depositions proceed—especially given that those depositions may be largely of LNW witnesses—and documents are subsequently produced, the case will be delayed further by motion practice seeking to reopen depositions. Motion practice and second depositions, if any, will cause greater delay than if the Court considers what, if anything, is to be produced before these depositions go forward. Rule 1 of the Federal Rules of Civil Procedure provides the overarching guidance to the Court. The Court finds the "just, speedy, and inexpensive determination of" this action is better served by the process identified than by a process that only invites further motion practice and the potential for reopening depositions.

### III. Order

Accordingly, IT IS HEREBY ORDERED that the concluding deposition of Mr. Leonardo, and the depositions of Mr. Talladay, RES' 30(b)(6) designees, and Ms. Allison will proceed as scheduled in the manner previously noticed.

IT IS FURTHER ORDERED that arrangements must be made for Ms. Wiedemer to attend each deposition remotely so that she may listen to all testimony and communicate through private means with her counsel during the depositions to advise of any issues she believes must be addressed.

IT IS FURTHER OREDERED that the parties will confer with Judge Hoffman to determine if he is able to complete his review of documents listed on LNW's privilege log (ECF No. 193-1)

4

within approximately thirty days of receipt of the documents. If Judge Hoffman is able to complete his review within an approximate thirty day period following receipt of documents, and as is explained in greater detail in the Appointment Order, if objections are raised to Judge Hoffman's reports, the Court will consider those objections and whether additional depositions will proceed as what is objected to may inform the Court in specific rather than in general regarding content and importance of information.

IT IS FURTHER ORDERED that if Judge Hoffman cannot complete review of the documents within approximately thirty (30) days after receipt, counsel will notify the Court of the same and the timeframe within which completion of review is anticipated. The Court will then consider whether any additional depositions should proceed (including, but not limited to the depositions of experts).

The Court will consider Ms. Wiedemer's challenges together with the potential harm to LNW arising from continued delays throughout these proceedings.

DATED this 2nd day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE