UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RES EXHIBIT SERVICES, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., a Nevada corporation,<br><br>Defendant. | Case No. 2:21-cv-01953-APG-EJY<br><br>**ORDER** |
| LNW GAMING, INC. f/k/a SG GAMING, INC. f/k/a BALLY GAMING, INC., a Nevada corporation,<br><br>Counterclaimant,<br><br>v.<br><br>RES EXHIBIT SERVICES, LLC; a New York limited liability company; JAMES LEONARDO, an individual; JERI WIEDEMER, an individual; and ROBERT REYES, an individual,<br><br>Counterdefendants. | |

Pending before the Court is RES Exhibit Services, LLC, James Leonardo, and Robert Reyes' Emergency Motion to Extend Discovery Deadlines (filed under seal at ECF No. 203 and redacted at ECF No. 202).[1]  A joinder was filed by Jeri Wiedemer (ECF No. 206), and LNW Gaming Inc. ("LNW") filed an Objection to the Emergency Motion reserving a substantive response to the Motion to Extend Deadlines for a later date.  ECF No. 205.

The Court finds this case has been pending for over four years and, while counterclaims were not filed until 2023, the issues in this dispute have not fundamentally changed.  Two months before the close of discovery (which was delayed and then stayed due to issues related to RES Defendants)

---

[1] RES Exhibits Services, LLC, James Leonardo, and Robert Reyes are referred to herein as the "RES Defendants."

1

the RES Defendants served what appears to the Court as grossly overbroad requests for production that were ultimately narrowed by these same Defendants to a large number of search terms and custodian of records (ECF No. 202-9 at 6). While the overbroad discovery requests seek, at their essence, potentially relevant information that could be proportional to the needs of this case, the vague nature of the search terms and the number of custodians creates the opportunity for generation of a vast amount of irrelevant information contained in an untenable number of documents LNW would have to review. Indeed, by way of example only, this case is not about individual LNW employees or agents who may have bought or otherwise appropriately acquired a "ticket," "tix" or "tickets" to "concerts, sporting events, [or other] entertainment" from an LNW vendor, yet such information, not related to the issues in this case, would be captured by the search terms as proposed. In sum, as listed at ECF No. 202-9 at 6, the search terms fail to employ appropriate limitations that would ensure the discovery sought is proportional to the needs of the case.

Accordingly, and before further briefing is submitted, the Court is denying the Emergency Motion, the Joinder, and the Motion to Seal, without prejudice, and requiring the parties to meet and confer in earnest toward reaching resolution regarding the discovery requests such that the information sought is proportional to the needs of this case.

Based on the forgoing, IT IS HEREBY ORDERED that RES Exhibit Services, LLC, James Leonardo, and Robert Reyes' Emergency Motion to Extend Discovery Deadlines (filed under seal at ECF No. 203 and redacted at ECF No. 202) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Motion to Seal (ECF No. 204) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Joinder filed by Jeri Wiedemer (ECF No. 205) is DENIED without prejudice.

IT IS FURTHER ORDERED that no later than **September 16, 2025** the RES Defendants **must** present a narrowed list of custodians and well thought through search terms that **must** be presented in writing to LNW (the "RES Proposal").

IT IS FURTHER ORDERED that LNW **must** evaluate what is presented, carefully consider the essential information the RES Defendants seek, determine to what they can agree, to what

alternative terms and/or custodians they can agree, and to what procedures for conducting a search for relevant and proportional responsive information, if any, they can agree.

IT IS FURTHER ORDERED that LNW **must** provide a written response to the RES Proposal (the "LNW Response") no later than **September 22, 2025**.

IT IS FURTHER ORDERED that LNW and the RES Defendants **must** meet and confer in person or by video conference no later than **September 26, 2025**, and promptly thereafter, discuss the RES Proposal and LNW Response for purposes of coming to agreement, if possible, on the search to be conducted.

IT IS FURTHER ORDERED that if LNW and the RES Defendants are unable to come to a full agreement, then, and only then, are they to file a notice with the Court stating, **very briefly**, to what they have agreed and to what they have not agreed. The Court will set a hearing to resolve the parties difference.

DATED this 10th day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE